# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-0030-01-CR-W-DW |
| ) | |
| BRIAN K. HANDLEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Magistrate Judge Robert Larsen's Report and Recommendation finding Defendant not competent to stand trial (Doc. 18).

A three-part scheme for determining mental competency to stand trial exists under 18 U.S.C. § 4241. A district court must first determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a), (d). If the district court concludes that the defendant lacks sufficient mental competency to proceed to trial, "the court shall commit the defendant to the custody of the Attorney General" and the "Attorney General shall hospitalize the defendant for treatment . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d), (d)(1).

On March 21, 2006, Defendant moved for a judicial determination of mental competency. Thereafter, Defendant was examined at the Medical Center for Federal Prisoners in Seattle, Washington, by Forensic Unit Psychologist Cynthia A. Low, Ph.D. Dr. Low concluded that

Defendant "demonstrated a poor ability to understand the nature of the proceedings against him" and recommended that participate in competency restoration procedures. During a hearing before Magistrate Larsen, Defendant and the Government stipulated to Dr. Low's findings. After the hearing, Magistrate Larsen prepared a Report and Recommendation finding Defendant incompetent to stand trial. After an independent review of the record, the Court adopts the Magistrate's finding of facts and conclusions of law.

It is hereby ORDERED that

(1) the Magistrate's Report and Recommendation be attached to and made part of this Order;

(2) Defendant Handley is incompetent to stand trial;

(3) Defendant Handley shall be committed to the custody of the Attorney General. Pursuant to 18 U.S.C. § § 4241(d)(1), the Attorney General shall hospitalize Handley for treatment in a suitable facility for a reasonable period of time, not to exceed four months, to determine whether there is a substantial possibility that in the foreseeable future Hogan will attain the capacity to permit the trial to proceed.

Date: July 12, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court